U.S. DISTRICT COURT
DISTRICT OF N.H.

# United States Court for the District of New Hampshire

2009 MAY -7 P 1: 24

RICHARD COLEMAN,

    **Plaintiff**

v.

**COMPLAINT WITH JURY DEMAND**

GREAT BAY COMMUNITY COLLEGE,
THE COMMUNITY COLLEGE SYSTEM OF
NEW HAMPSHIRE, CHANCELLOR GUSTAFSON,
THE BOARD OF TRUSTEES, COLLEGE PRESIDENT.
WILL ARVELO, VICE-PRESIDENT CHIN &
DEPT CHAIR, PAT CORBETT,

1:09-cv-161-SM

    **Defendants**

---

    COMES NOW, the Plaintiff, RICHARD COLEMAN, *pro se*, and complains unto this Court that the above named Defendants committed Fraud in the Inducement, violated New Hampshire Personnel Section101(c), violated Title XXIII, Chapter 275-E:1, E:2, and E:3 of the New Hampshire Whistleblower's Protection Act, and violated the Plaintiff's US Constitution 5th Amendment rights to due process and 14th Amendment rights to equal protection under the laws, as well as Articles 14 and 35 of the New Hampshire Bill of Rights, and states the following grounds in support of the Complaint.

## GENERAL ALLEGATIONS

1. At all times material to this action, Plaintiff RICHARD COLEMAN, was a citizen and resident of New Hampshire, and currently resides at 70 Mast Rd. B2, Lee, NH, 03861

2. At all times material to this action, Defendant GREAT BAY COMMUNITY COLLEGE was a public educational institution located at 277 Portsmouth Ave. Stratham, New Hampshire, 03885, licensed by the State of New Hampshire to conduct the business of providing post-secondary educational courses and support services to the public.

3. At all times material to this action, Defendant, THE COMMUNITY COLLEGE SYSTEM OF NEW HAMPSHIRE was a State of New Hampshire agency, located at 26 College Drive, Concord, NH 03301, administratively responsible for establishing the rules, policies, procedures, personnel, and governance of GREAT BAY COMMUNITY COLLEGE,.

1

4. At all times material to this action, Defendant CHANCELLOR GUSTAFASON, was designated by the Defendant BOARD OF TRUSTEES, to carry out the mandates, rules, policies, personnel practices, and governance of THE COMMUNITY COLLEGE SYSTEM OF NEW HAMPSHIRE, located at 26 College Dr. Concord NH, 03301.

5. At all times material to this action, Defendant BOARD OF TRUSTEES of the COMMUNITY COLLEGE SYSTEM OF NEW HAMPSHIRE, located at 26 College Dr., Concord, NH 03301, were responsible for hiring, supervising, and monitoring Defendant Chancellor GUSTAFSON.

6. Upon information and belief, Defendant WILL ARVELO was a citizen and resident of New Hampshire, and was serving as president of GREAT BAY COMMUNITY COLLEGE located at 277 Portsmouth Ave, Stratham, NH 03885, at the time of the acts alleged in the Complaint.

7. Upon information and belief, Defendant CHIN was a citizen and resident of New Hampshire, and was Vice-President of Defendant GREAT BAY COMMUNITY COLLEGE, located at 277 Portsmouth Ave., Stratham, NH, 03885, at the time of the acts alleged in this Complaint.

8. Upon information and belief, Defendant CORBETT,, was a citizen and resident of New Hampshire, who identified herself as Chair of the Social Sciences Dept, at GREAT BAY COMMUNITY COLLEGE, located at 277 Portsmouth Ave,, Stratham, NH 03885, and as such, was responsible for recruiting, hiring supervising, evaluating, and recommending Plaintiff COLEMAN for promotions, tenure, or termination, at all times material to this action .

9. The United States District Court for the District of New Hampshire has **jurisdiction** in these matters by reason of 5th and 14th Amendment issues being raised by the Plaintiff, and by reason of conflicts between state and federal laws .Furthermore, the Defendant COMMUNITY COLLEGE SYSTEM OF NEW HAMPSHIRE received Federal funds in terms of grants and loans, and is therefore subject to Federal Fair Employment Laws, Federal Americans With Disabilities Act and the Federal Individuals With Disabilities Education Act..

10. This is an action for damages which exceed $75,000.00 exclusive of interests, and costs.

11 Defendant CORBETTT, ubder the direction of Defendant CHIN, hired, trained, supervised, and evaluated Plaintiff COLEMAN, ,who began teaching psychology courses at GREAT BAY COMMUNITY COLLEGE, as an Adjunct Professor, in 2006.

12. At all times material hereto, CORBETT, volunteered that she was pleased with the Plaintiff's teaching performance and that his student evaluations were "exceptionally positive."

13. CORBETT, at her own initiative, asked Plaintiff COLEMAN to teach the course in Abnormal Psychology each semester it was offered, citing as her reasons that the Plaintiff was the best qualified and most experienced to teach the course.

### COUNT I
### (Fraud in the Inducement)

14. The Plaintiff realleges paragraphs 1-13, as if fully set forth herein.

15. In 2006, CORBETT responded to COLEMAN's inquiry as to a future full-time psychology position by advising COLEMAN she would notify COLEMAN as to the full-time vacancy as soon as it became available.

16. Beginning in 2006, through to the last semester COLEMAN taught, namely the Spring semester of 2008, CORBETT represented to COLEMAN that she would notify COLEMAN as soon as the full-time psychology vacancy opened and that she would recommend COLEMAN for the position.

17. Based on those representations and assurances, COLEMAN continued, for the next two years to accept the low-pay, no benefits, non-union eligible, and second-class status, of adjunct facultyat GREAT BAY COMMUNITY COLLEGE.

18.. At the end of the 2008 Spring Semester, COLEMAN again told CORBETT of his desire for a full-time position. Meantime, because his son would be starting as a freshman at UNH in the fall, COLEMAN asked to teach a third course. CORBETT told COLEMAN she would see what she could do.

19. By August 4, 2008, Plaintiff COLEMAN, having received no communication from CORBETT regarding his imminent fall teaching schedule, syllabus requests, and workshops, COLEMAN opened the Defendant GREAT BAY COMMUNITY COLLEGE web page, where COLEMAN discovered a posted recruitment for a full-time Assistant/ Associate Professor of Psychology, as of July 17, 2008, "open until filled."

20. CORBETT's "conscious indifference" to the willful misrepresentation of a material fact that CORBETT would notify COLEMAN of the full-time psychology vacancy at GREAT

3

BAY, as soon as she could verify same, meets the criterion of fraud. (*Patch v. Arsenault*, 139 NH, 313, 319, 653 A2d 1079, 1083-84 (1995.)

21. . CORBETT's willful misrepresentation was for the purpose of inducing COLEMAN to sign Adjunct contracts in 2006, 2007, and 2008, thereby meeting the requirement of "justified reliance"*Gray n. First NH Banks,* 138 NH 279, 283, 640 2 Ad, 276, 279, (1994)

22. Whereas, Defendant CORBETT's and CHIN's fraud was perpetrated to induce COLEMAN to repeatedly sign low-cost, non-union, no benefit, Adjunct contracts, and because these inducements were made extra-contractual, and therefore, the remedies could not be found within the provisions of the contract, the standards for Fraud in the Inducement have been met.

23. As a direct and proximate result of the Defendant's Fraud in the Inducement, Plaintiff COLEMAN lost his opportunity to apply for the full-time faculty position in a timely manner, lost wages, potential earnings and benefits, lost professional standing, lost capacity to find future teaching positions, suffered physical and emotional distress, pain, humiliation, embarrassment, lost his ability to support his son's college experience, and lost his capacity for the enjoyment of life.

## COUNT II

### Violation of New Hampshire Personnel Act: Purpose and Scope Part 101.01( c )

24. The Plaintiff reallege paragraphs 1-23 above as if more fully set forth herein.

25. On August 4, 2008, COLEMAN immediately notified the Defendant's Human Resources Mary Williams, by phone and letter, of his intent to apply for the full-time position, at which time WILLIAMS stated the position was still open.

26. COLEMAN, whose training, education, and experience exceeded the Defendant's listed requirements for the job, hand- delivered his application and supporting documents to Mary Williams on August 6, 2008..

27. When Defendant GREAT BAY COMMUNITY COLLEGE made no response to COLEMAN's application, COLEMAN called Defendant President ARVELO, who promised to return COLEMAN's phone call that same day, but did not.

28. The next morning, Defendant CHIN, told COLEMAN, "I didn't know you had applied. I never saw your application ...the position had been offered to another candidate, who had declined, " but that COLEMAN should go back to Mary Williams and ask her to re-

submit the application for the next (January) semester.

29. Mary Williams, in turn, told COLEMAN that (a) contrary to CHIN's claim that, "I never saw your application," Williams had given COLEMAN's application to CHIN, and (b) because were no plans to offer the position in the Spring, and there was , no reason for COLEMAN to apply at that time..

30. By letter dated September 10, 2008, Defendant President ARVELO opined that, " ...the decision to renew or not renew adjunct faculty contracts is based on the needs of the individual department and/or College,." meaning GREAT BAY had no "need" for a Ph.D. psychologist with 30 years of "field" psychology field experience, plus ten years of college teaching experience, and some 20 publications in professional research journals..

31. By failing to cite an "employment at will" defense, ARVELO waived his right to make such a claim in the future.

32. On September 10, 2008, Mary Williams, wrote, "After reviewing all applications" (but not Plaintiff COLEMAN's according to CHIN) "and the needs of the department, a decision was made to place this position on hold and utilize the services of adjunct professors."

33. New Hampshire Personnel: PURPOSE AND SCOPE, Part 101.01 ( c ) promises "Fair and equal opportunity to all qualified persons to enter state employment on the basis of demonstrated merit and fitness as ascertained through fair methods of selection." By denying Plaintiff RICHARD COLEMAN, Ph.D., who exceeded all the stated requirements for the professorship, a fair and equal opportunity to apply, the Defendants are in clear violation of the above-cited New Hampshire Personnel code

34. As a direct and proximate result of the above-referenced violation of New Hampshire Personnel code 101.01(c) denying Plaintiff COLEMAN his opportunity to apply for the full-time faculty vacancy, COLEMAN has lost present and future wages, present and future benefits, job security, tenure, lost professional standing, lost capacity to find future teaching positions, suffered physical and emotional distress, pain, humiliation, embarrassment, lost his ability to support his son's college experience, and lost capacity for the enjoyment of life.

## COUNT III

### Violation of NH Title XXXIII Section 275-E:1, E:2, & E:3 of the New Hampshire Whistleblower's Protection Act,

35. The Plaintiff realleges paragraphs 1-34 above as if more fully set forth herein

36. Plaintiff COLEMAN, in good faith, reported to Defendants CORBETT and CHIN, the names of students who COLEMAN believed were sufficiently emotionally disturbed to be a threat to themselves and others, and thereby, eligible for, and in need of, services of the Federal Americans With Disabilities Act and the Individuals With Disabilities Education Act.
 CORBETT and CHIN responded to COLEMAN's reports of the Defendant's violation of the above-referenced US and New Hampshire laws and policies, by wrongfully discharging COLEMAN from his adjunct professorship and by denying him his right to apply for the full-time professorship vacancy.

37. Plaintiff COLEMAN, in good faith, reported to CORBETT and CHIN, the names of students, who, without referral to, and support of, provisions of the Americans With Disabilities Act and the Individuals With Disabilities Education Act, GREAT BAY COMMUNITY COLLEGE would be in depriving these students of the services and education to which they were entitled by law.
CORBETT and CHIN responded to COLEMAN's reports of the Defendant's violation of the above-referenced US and New Hampshire laws and policies, by wrongfully discharging COLEMAN and by denying him his right to apply for the full-time professorship vacancy.

38. Plaintiff COLEMAN, in good faith, reported to CORBETT and CHIN, students, who were receiving inadequate and inappropriate services, in violation of the Americans With Disabilities Act, and Individuals With Disabilities Education Act, thereby putting the student, classmates, and instructor, at risk
 CORBETT told COLEMAN, GREAT BAY COMMUNITY COLLEGE was considering offering a Counseling service, but, in fact CORBETT and CHIN, wrongly discharged COLEMAN and denied him his right to apply for the Full-tome professorship vacancy.

39. Plaintiff COLEMAN, in good faith, reported a student to CORBETT and CHIN, who COLEMAN determined to be a suicide risk. Over the ensuing weekend, CHIN, called COLEMAN several times at home and sent him e-mails and letters instructing COLEMAN to offer no services to the student, have no contact with the student's family, nor provide evaluative or counseling services to the student, although the student had specifically asked COLEMAN to intervene. Instead, CHIN ordered COLEMAN to do nothing which might link GREAT BAY COMMUNITY COLLEGE to the student's psychological issues, and to make certain, by implication, that if the student did indeed commit suicide, GREAT BAY COMMUNITY COLLEGE, could not, in any way, be implicated. COLEMAN, in good faith, reported to CHIN that, as a psychologist, he could not abandon any student he believed to be suicidal.
CORBETT and CHIN responded by maliciously discharging COLEMAN from his adjunct position and by denying him his right to apply for the full-time professorship

40. CHIN"s directives to COLEMAN to provide no services to the suicidal student violated COLEMAN's American Psychological Ethical Principles of Psychologists Code of Conduct which states, "psychologists take reasonable steps to avoid harming their clients/patients, students ... and to minimize harm where it is foreseeable and unavoidable."

41. Defendant Vice-President CHIN's directive to COLEMAN not to provide services to this suicidal student, violated COLEMAN's New Hampshire's Code of Conduct for psychologists, which states, "If the demands of an organization," (GREAT BAY COMMUNITY COLLEGE) "with which psychologists are affiliated, conflicts with the Code, psychologists shall clarify the nature of the conflict, make known their commitment to the Code, and to the extent feasible, shall seek to resolve the conflict in a way that permits the fullest adherence to the Code."

42. CHIN's directives to COLEMAN to dissociate and distance himself from his student in need of immediate intervention violated the Americans With Disabilities Act by denying this student a comparable level of support and services GREAT BAY COMMUNITY COLLEGE was presently offering other students.

43. CHIN"S directives to COLEMAN, being in violation of Section 504 and Title II of the Americans With Disabilities Act, ordered Plaintiff COLEMAN to act illegally by denying his student "an opportunity to participate or benefit from services equal to that provided to others."

44 Defendant CHIN's directives to COLEMAN to abstain from any direct involvement with a student who was suicidal, made COLEMAN criminally liable for demonstrating "depraved indifference" in the event the student did commit suicide.

45 Defendant CHIN"s directive to COLEMAN that he forthwith refer his student to the local mental health center without regard as to the competence, quality, relevance, or likelihood that the student would participate, again forced COLEMAN to act in violation of the Codes of Conduct of both New Hampshire and the American Psychological Association.

46. In the Spring of 2008, a student appeared in COLEMAN's class, who, despite her dress, manner, affect, and behavior indicating severe and chronic psychological disturbance, if not active psychosis, had been assigned to COLEMAN's class without prior consultation or preparation, as required by the Americans With Disabilities and Individuals with Disabilities Education Act. COLEMAN, in good faith, advised CORBETT that by accepting this student's tuition and fees without providing the services necessary to support the student's matriculation, GREAT BAY COMMUNITY COLLEGE was perpetrating a disservice to the student, other students, her instructors, if not, by implication, perpetrating a fraudulent misrepresentation to the funding source. CORBETT and CHIN responded by discharging COLEMAN from his Adjunct

professorship and by denying him his right to apply for the full-time professorship.

47..  On September 12, 2008, Plaintiff Coleman filed a Grievance with Sarah Sawyer, Director of Human Services for the New Hampshire Community College System. To date, Sawyer has yet to acknowledge COLEMAN's Grievance.

48. On November 23, 2008, Plaintiff COLEMAN sent a letter to Board Chairman, Paul Holloway, regarding these matters, from whom he was promised a response.

49. By letter dated January 9, 2009, Defendant CHANCELLOR GUSTAFSON offered the untenable defense that COLEMAN"s Adjunct contract was not renewed because of the "intent to hire a full-time Psychology instructor," which is bogus on its face, in that no full-time person was hired, therefore COLEMAN should have been re-instated. GUSTAFSON then argued that COLEMAN had not been rehired because the Department was moving from a "clinical to a theoretical model," meaning the Defendants had first fired COLEMAN and then denied him COLEMAN his right to apply for the full-time position in order to get by with all the violations noted above absent the whistleblower "clinical" skills of COLEMAN.

50. In response to COLEMAN's good faith efforts to get the Defendants to comply with the Federal Americans With Disabilities Act, the Federal Individuals With Disabilities Education Act, as well as not to requiring COLEMAN to violate his ethical codes of conduct of the American Psychological Association and the New Hampshire Code of Conduct of Psychologists, or force COLEMAN to become criminally liable for "depraved indifference," CORBETT and CHIN discharged COLEMAN from his adjunct professorship in clear violation of Title XXIII, Chapter 275-E:1, E:2, and E:3 of the New Hampshire "Whistleblower Protections Public Employee Labor Relations Act.

51. As a direct and proximate result of the above-referenced violation of Plaintiff COLEMAN's rights under the Whistleblower's Protection Act, Plaintiff COLEMAN has suffered substantial damages, including lost employment wages, lost employment benefits, lost potential wages and benefits, lost professional standing. lost capacity to secure other teaching jobs, the humiliation and embarrassment of being unemployed, physical and emotional distress, lost capacity to provide for his son's college, lost ability to afford medical insurance, and lost capacity for the enjoyment of life., and will incur future expenses in the care and treatment of said injuries.

## COUNT IV

### Violation of the Plaintiff's US Constitutional 5th and 14th Amendment Rights and Articles 14 and 35 of the New Hampshire Bill of Rights

52. The Plaintiff realleges paragraphs 1-51 as if more fully set forth herein.

53. By depriving the Plaintiff his right to apply for the full-time psychology position for which he was well-qualified, without due process, the Defendants violated the Plaintiff's 5th Amendment rights to "life" (as a psychology professor) guaranteed by the US Constitution.

54. By depriving the Plaintiff of "property" (his income as an adjunct professor) without due process, the Defendants violated the Plaintiff's 5th Amendment rights under the Constitution of the United States.

55. By denying the Plaintiff a fair and equal opportunity to apply for the full-time psychology position, the Defendants violated the Plaintiff's 14th Amendment right to equal protection of the laws as guaranteed by the Constitution of the United States.

56. By discharging the Plaintiff for reasons for which the Defendants could not have discharged him if he had been a full-time professor, the Defendants violated the Plaintiff's 14th Amendment rights to equal protections under the laws.

57. By denying the Plaintiff recourse to the employment laws of New Hampshire for injuries to his "person, property, or character," the Defendants violated the Plaintiffs rights and protections Under Article 14 of the New Hampshire Bill of rights

58. By denying the Plaintiff a Grievance Hearing and Appeal process in these matters, the Defendants violated the Plaintiff's rights to an impartial interpretation of the laws and administration of justice, as guaranteed by Article 35 of the New Hampshire Bill of Rights.

59. As a direct and proximate result of the Defendant's violation of US and New Hampshire Bill of Rights, as noted in #s 52-58 above, the Plaintiff has suffered irreparable and life-long damages to his property, life, character, and financial status.

**WHEREFORE**, Plaintiff RICHARD COLEMAN demands judgment against these named Defendants for all damages allowable, including punitive damages, attorney's fees and costs, and such other relief as this Court deems just and proper. **FURTHERMORE,** Plaintiff RICHARD COLEMAN demands a trial by jury on all issue so triable.

Respectfully Submitted

Richard Coleman, Plaintiff *pro se*
70 Mast Rd, B2
Lee, NH 03861
(603) 292-6552

This the 7th day of May 2009.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and exact copy of the foregoing was served upon the Defendants GREAT BAY COMMUNITY COLLEGE, PRESIDENT WILL ARVELO, VICE-PRESIDENT CHIN, and DEPT, CHAIR. PAT CORBETT, at their place of business, 277 Portsmouth Ave. Stratham, NH 03885 -2297, upon Defendants THE COMMUNITY COLLEGE SYSTEM OF NEW HAMPSHIRE, CHANCELLOR GUSTAFSON, and THE BOARD OF TRUSTEES, at their place of business, 26 College Drive, Concord, NH 03301-7407, on this the 7th day of May, 2009.

Richard Coleman, Plaintiff, *pro se*
70 Mast Rd. B2
Lee, NH 03861
(603) 292-6552

10